IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
JACKSON DIVISION

| | | |
|---|---|---|
| GEORGE E. THORNTON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. _____ |
| v. | ) | |
| | ) | JURY DEMAND |
| UNION STANDARD INSURANCE GROUP, LLC, | ) ) | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT

The Plaintiff, George E. Thornton, for his complaint against the Defendant, Union Standard Insurance Group, LLC, states as follows:

### PARTIES

1. George E. Thornton is a resident of the State of Tennessee.

2. Union Standard Insurance Group, LLC is an insurance company that is registered to do business in the State of Tennessee.

### JURISDICTION AND VENUE

3. Mr. Thornton is a resident of the State of Tennessee.

4. Union Standard Insurance Group, LLC ("Union Standard") is a Delaware corporation that maintains its principal place of business in the State of Texas.

5. There is complete diversity of citizenship between Mr. Thornton and Union Standard.

6. This court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 because there is complete diversity between the parties and the amount in controversy exceeds $75,000.

## FACTUAL BACKGROUND

7.     Mr. Thornton is a retired businessman.  Before retiring, Mr. Thornton was an insurance executive who, among other honors, sat on the board of The Bank of Nashville.

8.     Mr. Thornton is the owner of improved real property located at 473 Cribbs Road, Dyersburg, Tennessee (the "Farm").  The Farm is a farm property consisting of approximately 120 acres.  There are three dwellings on the Farm.

9.     The Farm was formerly owned by Mr. Thornton's wife's parents.  Ultimately, after the death of Mr. Thornton's mother-in-law in 1998, Mr. Thornton's brother-in-law, Tommy Cribbs, a resident of Dyer County, obtained Mr. Thornton's wife's interest in the Farm and, therefore, ownership of the Farm.

10.     During the period of Mr. Cribbs' ownership of the Farm, Mr. Cribbs used the Farm as collateral in order to borrow money.  Mr. Cribbs failed to make the required payments associated with such loans and Mr. Cribbs' creditors were on the verge of foreclosing on the Farm.  In order to avoid the Farm being subject to foreclosure proceedings, Mr. Thornton bought the promissory notes that were secured by the Farm and became the holder of such promissory notes.  The deeds of trust that secured such promissory notes were assigned to Mr. Thornton.

11.     In light of Mr. Cribbs failing to make the required payments to Mr. Thornton, Mr. Cribbs conveyed the Farm to Mr. Thornton through a deed in lieu of foreclosure on September 20, 2010.

12.     Incident to his acquiring ownership of the Farm, Mr. Thornton obtained a farm property insurance policy from Union Standard (the "Policy").

13.     On September 21, 2010, Mr. Thornton executed a lease with Mr. Cribbs (the "Lease").  Pursuant to the Lease, Mr. Thornton leased the Farm to Mr. Cribbs.

14.     Pursuant to the Lease, Mr. Cribbs was entitled to keep any rents or income produced by the Farm from farming or other rental (but excluding any oil, gas or mineral rights) in return for Mr. Cribbs paying all real estate taxes and utilities and performing all maintenance of the Farm and any improvements thereon.

15.     Mr. Cribbs rented out the dwelling with the address of 1035 Newbern Road (the "1035 Newbern Road Dwelling") for a period of months for $550 per month.  Mr. Cribbs evicted his tenant from the 1035 Newbern Road Dwelling after rent payments were consistently late and began renovating the 1035 Newbern Road Dwelling by painting and refinishing hardwood floors.

16.     On February 25, 2011, the 1035 Newbern Road Dwelling was severely damaged in a fire (the "Fire").

17.     Mr. Thornton timely reported the fire damage to the 1035 Newbern Road Dwelling to Union Standard and made a claim under the Policy.

18.     The limits of insurance for the 1035 Newbern Road Dwelling under the Policy are $80,000 for the dwelling, $8,000 for other private structures, and $8,000 for loss of use.

19.     On May 12, 2011, Mr. Thornton was very surprised to receive a letter from Union Standard that denied Mr. Thornton's claim under the Policy for the fire damage relating to the 1035 Newbern Road Dwelling.  The asserted basis for denying Mr. Thornton's claim was that the Fire was the result of a dishonest or criminal act by an agent or employee of Mr. Thornton.  This assertion that the Fire is the result of a dishonest or criminal act by an agent or employee of Mr. Thornton is wholly false.

20.     Mr. Thornton is a retired businessman who greatly values his hard-earned reputation for honesty and high moral character.  At this point in time, Mr. Thornton does not know what caused the Fire.  However, to the extent the Fire was non-accidental, Mr. Thornton

had absolutely nothing to do with any such effort and, likewise, no agent or employee of Mr. Thornton's had anything to do with any such effort.

## CAUSE OF ACTION

21. Mr. Thornton hereby incorporates by reference the averments set forth in numbered paragraphs 1 through 20 hereinabove.

22. Mr. Thornton has insurance coverage for damage to the 1035 Newbern Road Dwelling resulting from the Fire.

23. By refusing to pay Mr. Thornton's claim made pursuant to the Policy, Union Standard has breached its contract with Mr. Thornton.

24. As a result of Union Standard's breach of contract, Mr. Thornton has suffered damages in an amount not less than $80,000.

WHEREFORE, George E. Thornton respectfully requests the following relief:

1. A jury to try this cause;

2. That the Court enter judgment in favor of Mr. Thornton against Union Standard for an amount in excess of $80,000;

3. That the Court award Mr. Thornton pre-judgment interest at the highest rate allowed by law; and

4. That the Court award Mr. Thornton such other and further relief as the Court deems just and equitable.

Respectfully submitted,

*/s/ Eric W. Smith*

Eric W. Smith (No. 21694)
BRADLEY ARANT BOULT CUMMINGS LLP
1600 Division Street, Suite 700
P.O. Box 340025
Nashville, Tennessee 37203
(615) 252-2381
esmith@babc.com